`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| Kaitlynn Martin, | : |
| | : |
| Plaintiff, | : Civil Action No.:  4:19-cv-2377 |
| | : |
| v. | : |
| | : **COMPLAINT** |
| Monterey Financial Services, Inc., | : **JURY** |
| | : |
| Defendant. | : |
| | : |
| | : |

For this Complaint, the Plaintiff, Kaitlynn Martin, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Kaitlynn Martin ("Plaintiff"), is an adult individual residing in Conroe, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Monterey Financial Services, Inc. ("Monterey"), is a California business entity with an address of 4095 Avenida De La Plata, Oceanside, California 92056,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.     The Debt

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Monterey for collection, or Monterey was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.     Monterey Engages in Harassment and Abusive Tactics

10.     In January 2018, Plaintiff provided Monterey with her bank account information and authorized automated monthly withdrawals in the amount of $264.72 until the Debt was fully satisfied.

11.     In September 2018, Plaintiff informed Monterey that she was unable to continue making payments.

12.     Plaintiff instructed Monterey to stop the automated withdrawals and advised Monterey that she would pay the Debt upon receipt of her tax refund.

13.     In February 2019, Monterey attempted to withdraw $264.72 from Plaintiff's bank account in an attempt to collect the Debt.

14.     Plaintiff noticed Monterey's withdrawal attempt and called Monterey to inquire.

2

15.     Monterey falsely told Plaintiff that it did not need her permission to take out money.

16.     On March 8, 2019, Monterey withdrew $3,617.94 from Plaintiff's bank account without Plaintiff's prior knowledge or authorization.

**C.     Plaintiff Suffered Actual Damages**

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

23.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

3

24.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT,
## 15 U.S.C. § 1693 et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

28.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

29.     Defendants violated 15 U.S.C. § 1693a(12), which prohibits "unauthorized electronic fund transfer," by debiting Plaintiff's bank account without Plaintiff's actual authorization and without providing Plaintiff any benefit.

30.     Defendants violated 15 U.S.C. § 1693e(a) in that Defendants executed a preauthorized electronic fund transfer from Plaintiff's account without Plaintiff's prior written authorization.

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the EFTA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against the Defendants;

5. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A) against the Defendants;

6. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3) against the Defendants;

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 2, 2019

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff